IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STONE & YOUNGBERG, LLC,<br><br>    Petitioner,<br><br>  v.<br><br>KAY FAMILY REVOCABLE TRUST UAD 02-07-90 FBO LENORE BLEADON UNDER TRUST A,<br><br>    Respondent.<br>_____/ | No. C-11-0198 MMC<br><br>**ORDER DENYING RESPONDENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION; VACATING MAY 20, 2011 HEARING; SETTING BRIEFING SCHEDULE ON PETITIONER'S MOTION TO VACATE ARBITRATION AWARD** |

    Before the Court is the "Motion to Dismiss Pursuant to F.R.C.P. 12(b)(1)," filed March 22, 2011 by respondent Kay Family Revocable Trust UAD 02-07-90 FBO Lenore Bleadon Under Trust A. Petitioner Stone & Youngberg, LLC has filed opposition, to which respondent has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the parties' respective written submissions, VACATES the hearing scheduled for May 20, 2011, and rules as follows.

    In an award dated December 14, 2010 ("Award"), an arbitration panel awarded respondent the sum of $750,000 against petitioner, an investment firm, on respondent's claims arising from an investment in a specified fund. (See Compl. Ex. A.) Thereafter, petitioner filed the instant "Complaint and Petition for Vacation of Arbitration Award"

seeking an order vacating the Award. By the instant motion, respondent argues the Court lacks subject matter jurisdiction to hear the matter. The Court disagrees.

A district court has jurisdiction over a petition to vacate an arbitration award where the petitioner alleges the arbitrator engaged in a "manifest disregard of federal law." See Luong v. Circuit City Stores, Inc., 368 F.3d 1109, 1110 (9th Cir. 2004) (holding district court had jurisdiction over petition alleging "arbitrator manifestly disregarded Toyota Motor Mfg., Inc. v. Williams, 534 U.S. 184, 122 S.Ct. 681, 151 L.Ed.2d 615 (2002)"). Here, petitioner alleges the arbitrators manifestly disregarded federal law when they rendered the award at issue herein. (See Compl. ¶¶ 7, 20.) In particular, petitioner alleges that it brought to the panel's attention a number of federal cases, which authority, according to petitioner, was "manifestly disregarded." (See, e.g., Compl. ¶ 48 (identifying Jablon v. Dean Witter, 614 F.2d 677, 680 (9th Cir. 1980) and Banca Cermi S.A. v. Alex Brown & Sons, Inc., 132 F.3d 1017, 1032 (4th Cir. 1997) as among federal authorities brought to panel's attention.)[1]

In light of petitioner's allegations, the Court finds it has jurisdiction over petitioner's claim. In particular, the Court has jurisdiction to consider the issue of whether the panel in fact manifestly disregarded the federal authorities cited by petitioner. See, e.g., Luong, 368 F.3d at 1110 (holding where petitioner claimed arbitrator manifestly disregarded federal law, "district court had subject matter jurisdiction over [ ] petition," although "petition fail[ed] because the arbitrator did not manifestly disregard [federal law]"); Brezden v. Associated Securities Corp., 2009 WL 1531850, *3-4 (C.D. Cal. 2009) (holding jurisdiction existed to consider merits of petition alleging arbitrators "acted in 'manifest disregard of federal law,'" although petition ultimately dismissed where petitioner failed to show arbitrators had in fact disregarded federal law).

For the reasons stated above, the motion to dismiss for lack of subject matter jurisdiction is hereby DENIED.

---

[1]The petition identifies six decisions issued by federal courts of appeal (see Compl. ¶¶ 48, 51) and four decisions issued by federal district courts (see Compl. ¶¶ 49-51) that allegedly were brought to the panel's attention and thereafter disregarded.

In accordance with the Court's order of April 20, 2011, the Court sets the following briefing schedule and hearing on petitioner's Motion to Vacate Arbitration Award:

1. No later than May 27, 2011, respondent shall file its response to the motion to vacate.

2. No later than June 3, 2011, petitioner shall file its reply.

3. A hearing on the motion to vacate is hereby scheduled for June 17, 2011, at 9:00 a.m.

**IT IS SO ORDERED.**

Dated: May 13, 2011

MAXINE M. CHESNEY
United States District Judge